**In the MATTER OF: Ralph W. STAPLES, Respondent**

**Supreme Court Case No. 49S00-1608-DI-437**

Supreme Court of Indiana.

January 13, 2017

Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline

Pursuant to Indiana Admission and Discipline Rule 23(11)(c) (2016), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** Respondent appeared as successor counsel for a criminal defendant ("Client"). In February 2013, Respondent did not appear for a pretrial conference and did not timely respond to inquiries from court staff regarding his absence. In July 2013, when Client was unable to appear at a hearing due to his

hospitalization, Respondent was ordered to file a motion to continue with verification that Client was hospitalized. Respondent did not do so, failed to appear during the show cause proceedings that ensued, was found in contempt, and then failed to appear for a sanctions hearing. Respondent appeared for a subsequent hearing and was informed the trial court would keep the rule to show cause under advisement. Months later, Respondent was ordered to appear with Client at a hearing scheduled in January 2014. Client appeared, but Respondent did not. The trial court again found Respondent in contempt. Soon thereafter, Respondent engaged a successor counsel to represent Client and provided that counsel with all fees Respondent had received from Client.

Respondent did not timely respond to the Commission's demand for a response or comply with a subpoena duces tecum, resulting in two separate show cause proceedings in this Court, both of which were dismissed with costs following Respondent's eventual cooperation.

In aggravation, the parties cite Respondent's prior disciplinary history and the fact that Respondent was on disciplinary probation at the time of his misconduct here. In mitigation, the parties cite Respondent's acceptance of responsibility, as well as several steps Respondent has taken to address the personal and professional issues that contributed to his misconduct and to prevent the recurrence of similar neglect.

**Violations:** The parties agree that Respondent violated the following rules governing professional conduct:

Ind. Professional Conduct Rule 3.2: Failure to expedite litigation consistent with the interests of a client.

Ind. Professional Conduct Rule 3.4(c): Knowingly disobeying an obligation under the rules or an order of a court.

Ind. Professional Conduct Rule 8.1(b) and Ind. Admission and Discipline Rule 23(10)(e): Knowingly failing to respond to a lawful demand for information from a disciplinary authority.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.